## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERIC D. JONES, | § | |
| | § | No. 71, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware, in and |
| v. | § | for Sussex County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0811014395A |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 12, 2015
Decided: October 20, 2015

Before **STRINE**, Chief Justice; **VAUGHN,** and **SEITZ**, Justices.

## **O R D E R**

This 20th day of October 2015, upon careful consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    On January 11, 2010, the appellant, Eric D. Jones, pled guilty to one count of Trafficking in Cocaine 50-100 grams as a lesser-included offense of Trafficking in Cocaine 100+ grams.  The trafficking charge stemmed from an alleged drug transaction on November 21, 2008, in the parking lot of a Roses Department Store, when Jones and another man allegedly bought two kilos of cocaine from undercover police officers.  In exchange for Jones' guilty plea, the State agreed to enter a *nolle prosequi* on twenty-two other charges in the

indictment, including two counts of Trafficking in Cocaine 10-50 grams, charges which stemmed from alleged drug transactions in October 2008, when Jones allegedly sold cocaine to an undercover police officer. After accepting the guilty plea, the Superior Court ordered a presentence investigation and scheduled Jones' sentencing.

(2)     Two weeks before sentencing, at Jones' request, his defense counsel (hereinafter "Defense Counsel") filed a motion to withdraw the guilty plea. Defense Counsel also requested leave to withdraw as Jones' counsel, advising the court that he did not support Jones' effort to withdraw the plea. The Superior Court granted Defense Counsel's request to withdraw as Jones' counsel and referred the matter to the Office of Public Defender to assign an Assistant Public Defender to represent Jones.

(3)     On March 25, 2010, the Superior Court held an evidentiary hearing on the motion to withdraw the guilty plea. At the nearly full day hearing, Jones testified that, during the January 11, 2010 plea colloquy, he thought he was pleading guilty to the two trafficking charges stemming from the alleged drug transactions in October 2008, not the trafficking charge stemming from the alleged drug transaction on November 21, 2008 in the Roses parking lot. Jones claimed that he was innocent of the November 21 charges and did not want to plead guilty to the drug transaction associated with those charges.

2

(4)   Defense Counsel testified that he understood that Jones preferred to plead guilty to the two trafficking charges from October 2008, and that the State had offered such a plea in early November 2009, but that, by early January 2010, the State had withdrawn the 2009 offer and was offering a plea that required Jones to plead guilty to a lesser-included offense of the trafficking charge associated with the November 21, 2008 incident.  At the conclusion of the hearing, the Superior Court denied the motion to withdraw the guilty plea after finding, based on Jones' and Defense Counsel's testimony and the transcript of the plea colloquy, that Jones "knowingly, intelligently and voluntarily entered a guilty plea to the Roses incident."[1]

(5)   On April 23, 2010, the Superior Court sentenced Jones to twenty years at Level V suspended after six years with credit for 338 days.  Jones filed a direct appeal and requested to proceed *pro se* on appeal.  Jones' request was denied when he was unable to attend a required evidentiary hearing because he had been transferred to Maryland.[2]  On March 30, 2011, Jones voluntarily dismissed the direct appeal.[3]

(6)   In early November 2014, private counsel retained by Jones (hereinafter "Postconviction Counsel") filed a motion for postconviction relief

---

[1] Hr'g Tr. at 103 (Mar. 25, 2010).
[2] Jones was transferred to Maryland to address an alleged parole violation.
[3] *See* docket at 38, *Jones v. State*, Del. Supr., No. 240, 2010 (Mar. 30, 2011) (issuing certified copy of notice of voluntary dismissal).

3

under Superior Court Criminal Rule 61 ("Rule 61"). The motion raised one claim for relief - that Jones' January 2010 guilty plea to Trafficking in Cocaine was invalid because of undisclosed misconduct involving the handling of drug evidence in the Office of the Chief Medical Examiner.

(7) Unfortunately, because the motion for postconviction relief was filed with an incomplete case number, it did not appear on the Superior Court docket until January 5, 2015. Even if it had been docketed when filed in November 2014, however, the motion was untimely under Rule 61.[4] By order dated January 14, 2015, the Superior Court summarily dismissed the motion for postconviction relief.

(8) On November 20, 2014, two weeks after filing the motion for postconviction relief on behalf of Jones, Postconviction Counsel was transferred to disability inactive status. A receiver appointed to oversee Postconviction Counsel's law practice filed this appeal from the Superior Court's January 14, 2015 summary dismissal of the motion for postconviction relief in Jones' case. By Order dated March 27, 2015, this Court granted a substitution of counsel filed by the receiver, and new counsel (hereinafter "Appellate Counsel") was appointed to represent Jones on appeal.

---

[4] *See* Del. Super. Ct. Crim. R. 61(i)(1) (providing that a motion for postconviction relief may not be filed more than one year after the judgment of conviction is final).

4

(9)     On appeal, Appellate Counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c).[5] Appellate Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Appellate Counsel represents that he provided Jones with a copy of the motion to withdraw and the accompanying brief and informed Jones of his right to identify any points he wished this Court to consider on appeal. Jones submitted points claiming that Postconviction Counsel was ineffective.[6] The State has responded to Jones' submission and has moved to affirm the Superior Court's judgment.

(10)     On appeal from the denial of postconviction relief, this Court reviews the Superior Court's decision for abuse of discretion and questions of law *de novo*.[7] Generally, the Court will not consider a claim for postconviction relief that is not considered by the Superior Court in the first instance.[8] In this case, because Jones' ineffective assistance of counsel claim was not considered by the Superior Court in the first instance, the Court declines to consider the claim in this appeal.

---

[5] *See* Del. Supr. Ct. R. 26(c) (governing appeals without merit).
[6] In support of his claim, Jones alleges that Postconviction Counsel was retained more than a year before the deadline for filing the motion, and that the untimely motion filed by Postconviction Counsel failed to raise any of the claims that were identified by Jones, including a claim that the Superior Court erred when denying the motion to withdraw the guilty plea.
[7] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[8] *See* Del. Supr. Ct. R. 8 (governing questions which may be raised on appeal); *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986) ("This Court, in the exercise of its appellate authority, will generally decline to review contentions not raised below and not fairly presented to the trial court for decision.").

(11) When reviewing a motion to withdraw and an accompanying brief under Supreme Court Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[9] The Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[10]

(12) In this case, the Superior Court summarily dismissed the postconviction motion on the basis that the issue raised in the motion, concerning the undisclosed misconduct in the Office of the Chief Medical Examiner, was without merit under the Superior Court's 2014 decision in *State v. Absher*. Having conducted "a full examination of all the proceedings," we agree that the Superior Court's decision in *State v. Absher*, which recently was affirmed by this Court in *Aricidiacono v. State*,[11] was applicable to the issue raised in the motion for postconviction relief in Jones' case, and that the postconviction motion was subject to summary dismissal.[12]

---

[9] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[10] *Penson v. Ohio*, 488 U.S. at 81.

[11] *Aricidiacono v. State*, -- A.3d --, 2015 WL 5933984 (Del. Oct. 12, 2015).

[12] *See* Del. Super. Ct. R. 61(d)(5) ("If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judgment may enter an order for its summary dismissal and cause the movant to be notified.").

6

(13) Having found "no nonfrivolous issue for appeal,"[13] the Court concludes that Jones' appeal is "wholly without merit."[14] The Court is satisfied that Appellate Counsel made a conscientious effort to examine the record and the law and properly determined that Jones could not raise a meritorious claim on appeal from the Superior Court's summary dismissal of the motion for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Justice

---

[13] *Penson v. Ohio*, 488 U.S. at 80.
[14] *See supra* note 1.